UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIXTY-FIVE PLUS RESIDENTS ) | |
| OF SAN LUIS APARTMENTS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:07-CV-1999 CAS |
| ) | |
| SISTER SUZANNE WESLEY and ) | |
| N.D. CONSULTING, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of individual plaintiffs, Ida Simpson, Alvera Skinner, Candace Steward and Mae Black, for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiffs are four residents of the San Luis Apartments in St. Louis, Missouri, who appear to be bringing this action on behalf of more than sixty-five residents of their apartment building. Plaintiffs assert that they were informed on October 31, 2007 that their apartment building would be closed on February 1, 2008. Plaintiffs allege that defendant Wesley was remiss in failing to attain charitable funds to save the apartment building and that defendant N.D. Consulting is interfering with their lease agreements by closing the building.

**Discussion**

At the outset, the Court notes that this action could not survive, as pleaded, as a class action. Although plaintiffs, appearing pro se, can bring their own claims to federal court without counsel, they cannot bring the claims of others. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se."). Accordingly, the Court will only review the claims brought by the individual plaintiffs. After

reviewing the complaint, this Court finds that plaintiffs' individual claims are subject to dismissal for lack of subject matter jurisdiction.[1]

Plaintiffs have failed to state adequate grounds for filing the instant action in Federal Court. Although plaintiffs broadly claim that this case deals with "civil rights" and "housing/accommodations" violations, there is no indication that plaintiffs' claims arise under the Constitution, laws or treaties of the United States.[2] Plaintiffs' claims, construed liberally, amount to nothing more than state law causes of action. Thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Even construing the complaint as being brought under 28 U.S.C. § 1332, the action still fails to satisfy subject matter jurisdiction. Plaintiffs have not indicated that the amount in controversy exceeds $75,000[3] or that the parties have diversity of citizenship. As such, the case will be dismissed, without prejudice, for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis are **GRANTED**. [Docs. 2, 3, 4 and 5]

---

[1]The Court additionally notes that the plaintiffs have not signed the complaint, as required under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 11. Rather, they have asked the Court to "please refer to the Financial Affidavits" for their signatures. Because the Court must dismiss this action for lack of subject matter jurisdiction, it will not require plaintiffs to file an amended pleading.

[2]Plaintiffs have not alleged a violation of a federal statute and none of the named defendants is alleged to be, or appears to be, a state actor, and thus, there can be no cause of action under 42 U.S.C. § 1983.

[3]Plaintiffs claim monetary damages in the amount of $40,000.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiffs' motion for appointment of counsel is **DENIED** as moot. [Doc. 10]

An appropriate order of dismissal will accompany this Memorandum and Order.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of December, 2007.